IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TORENO L. GRIFFIN, JR.                                                              PETITIONER

VS.                                                         CIVIL ACTION NO.  3:17cv802-DPJ-FKB

BILLY SOLLIE, Sheriff                                                               RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Toreno L. Griffin, Jr., a pretrial detainee currently being held at the Lauderdale County Detention Facility on state charges.  In the petition, filed on October 6, 2017, he alleged that he had been held over 270 days without indictment and requested that either he be brought to trial or the charges be dismissed.  Respondent has filed a motion to dismiss, to which Griffin has failed to respond.  Respondent has more recently filed a supplement informing the Court that Griffin was indicted in January of 2018 and that his case is currently set for trial in April 2018.

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89  (1973) (citing *Ex parte Royall,* 117 U.S. 241, 253 (1886)).   Where a § 2241 petitioner alleges that the state has violated his right to a speedy trial, relief in the form of dismissal of pending charges is not available.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden,* 410 U.S. 484 (1973)).

On the other hand, a petitioner seeking to enforce the state's obligation to bring him to trial in a timely manner may pursue relief under § 2241.  *Id*.  But relief is available

only where the petitioner has first exhausted all means of obtaining relief in the state courts.  *See Braden*, 410 U.S. at 489-92; *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  In his petition, Griffin states that he has "asked for a speedy trial concerning [his] case." [1] at 7.  However, he has included no documents indicating that he has filed a motion with the state court.  Neither has he submitted any rebuttal to Respondent's representation that Griffin has filed no documents in the state court seeking to bring his case to trial.  Finally, a review of the online general docket of the Mississippi Supreme Court confirms that Griffin has never raised his speedy trial issue with this state's highest court.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition dismissed.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of March, 2018.

s/ F. Keith Ball
United States Magistrate Judge
